IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALAA AL KHAFAJI,                      )
                                      )
                Plaintiff,            )
                                      )
     -vs-                             )        Civil Action No.   20-14
                                      )
ANDREW M. SAUL,                       )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
                Defendant.            )

AMBROSE, Senior District Judge

## <u>OPINION</u>

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 18 and 20).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 19 and 21).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion (ECF No. 18) and denying Defendant's Motion for Summary Judgment. (ECF No. 20).

## I.  <u>BACKGROUND</u>

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income pursuant to the Social Security Act.   Administrative Law Judge ("ALJ"), Melissa Tenenbaum, held a hearing on August 10, 2018.   (ECF No. 14-2, pp. 38-65).   An interpreter appeared and served as a translator at the hearing for Plaintiff.   *Id.*.   On August 29, 2018, the ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 14-2, pp. 17-28).

After exhausting all administrative remedies thereafter, Plaintiff filed this action.   The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15).   The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.   The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).   *Dobrowolsky*, 606 F.2d at 406.   Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).   *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.   *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B.    Residual Functional Capacity (RFC)[1]

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. (ECF No. 19, pp. 11-19).   To that end, Plaintiff submits that the ALJ failed to support the RFC with medical opinion evidence.   (ECF No. 19, pp. 11-16),   Additionally, Plaintiff contends that the ALJ failed to include limitations resulting from her severe bilateral carpal tunnel syndrome. *Id.*   As a result, Plaintiff concludes that remand is warranted.

The amount of weight accorded to medical opinions is well-established. Generally, the

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor.   20 C.F.R. §§404.1527, 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).   Here, the ALJ found the Plaintiff has an RFC to perform light work with both exertional and non-exertional limitations.   (ECF No. 14-2, pp. 17-28).

ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2).   The opinion of a treating physician need not be viewed uncritically, however.   Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.*   "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

     If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

     In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical

4

evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Here, the ALJ found the Plaintiff has an RFC to perform light work with both exertional and non-exertional limitations.   (ECF No. 14-2, pp. 17-28).   In so doing, the ALJ gave little weight to the opinions of the state agency physician, Dr. Maravelli, and the consultative examiner, Dr. Zimba, who rendered the only opinions regarding Plaintiff's exertional limitations.   (ECF No. 14-2, p. 26).   The ALJ gave little weight to these opinions because "additional evidence has been received at the hearing level, including the claimant's hearing testimony.   Restricting the claimant to a range of light exertional work affords her the benefit of any doubt."   *Id.*   Plaintiff submits, however, that after rejecting these opinions, there was no medical guidance regarding her physical impairments upon which to base an RFC.   Further, as to Plaintiff's non-exertional mental limitations, she maintains that there was no medical opinion evidence for the ALJ to support the non-exertional mental limitations in the RFC.   *Id.* at 12.   Thus, Plaintiff submits the ALJ used her lay interpretation of the medical evidence to craft Plaintiff's RFC such that the RFC is not supported by substantial evidence.   (ECF No. 19).   After a review of the evidence, I find the ALJ's decision in this regard troubling.

Here, the ALJ rejected the exertional opinion evidence and justified it by stating that "additional evidence has been received at the hearing level."   (ECF No. 14-2, p. 26).   In essence, the ALJ was acknowledging that the opinions were stale.   In fact, the opinions of Drs. Zimba and Maravelli were almost three years old at that time of the hearing.   (ECF No. 14-3, p. 14 and No.

5

14-8, p. 67).    Despite acknowledging that there was new additional evidence, the ALJ did not

order a new examination.    Yet, the ALJ then rendered an opinion containing an RFC with physical

limitations.    (ECF No. 14-2, pp. 23-24).

Additionally, the ALJ cites to no mental opinion evidence to support the RFC mental

limitation.    (ECF No. 14-2, pp. 23-27).   In other words, there is no other opinion evidence of

record regarding Plaintiff's mental functional abilities upon which the ALJ could have relied upon

in forming Plaintiff's RFC.

"Rarely can a decision be made regarding a claimant's [RFC] without an assessment from

a physician regarding the functional abilities of the claimant."   *Gormont v. Astrue,* No. 11-2145,

2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986).

Furthermore, "an administrative law judge lacks the expertise to ascertain a claimant's residual

functional capacity from raw medical data." *Moffatt v. Astrue*, No. CIV.A. 10-226, 2010 WL

3896444, at *6 (W.D. Pa. Sept. 30, 2010) (citations omitted).   This is especially true in this case

given Plaintiff's mental health evidence and the fact that the ALJ found Plaintiff's statements were

not entirely consistent with the medical evidence and other evidence in the record. (ECF No. 14-

2, p. 25).   Consequently, after a review of the record, I am unable to discern the ALJ's basis for

her specific RFC determination containing exertional and non-exertional limitations.

I am also troubled by incorrect statements made by the ALJ. For example, the ALJ stated

that "the record fails to show any evidence of suicidal thoughts, an abnormal thought process" or

impaired judgment and did not report hallucinations before March of 2018.   (ECF No. 14-2, p.

22).    Yet, evidence of record shows otherwise.   Plaintiff was diagnosed with hallucinations on

October 21, 2015 and reported visual and auditory hallucinations numerous times from 2015-

2018.   (ECF No. 14-8, pp. 55, 70; No, 14-9, pp. 214, 217; No. 14-10, pp. 41, 171).

Additionally, the ALJ found that Plaintiff is able to communicate in English.   (ECF No. 14-2, p. 27).   The ALJ makes no citation to the record to support this conclusion.   *Id.*   In fact, a review of the record proves otherwise.   At all times, in medical records and at the hearing before the ALJ, Plaintiff used an interpreter, family member, or devise to translate.   This incorrect finding by the ALJ is particularly troubling given the ALJ's finding that Plaintiff's statements are not entirely consistent.   (ECF No. 14-2, p. 25).

Therefore, I find the ALJ's opinion is not based on substantial evidence and remand is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALAA AL KHAFAJI,                          )
                                          )
                    Plaintiff,            )
                                          )
        -vs-                              )        Civil Action No.   20-14
                                          )
ANDREW M. SAUL,                           )
COMMISSIONER OF SOCIAL SECURITY,          )
                                          )
        Defendant.                        )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 24th day of May, 2021, it is ordered that Plaintiff's Motions for Summary Judgment (ECF No. 18) is granted and Defendant's Motion for Summary Judgment (ECF No. 20) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

Donetta W. Ambrose
United States Senior District Judge

8